UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

GILBERTO J. CONRADO,
and other similarly situated individuals,

    Plaintiff (s),
v.

TRUE WORLD FOODS MIAMI LLC,
and CHIRIKA KUROIWA, individually,

    Defendants,
_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff GILBERTO J. CONRADO, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants TRUE WORLD FOODS MIAMI LLC, and CHIRIKA KUROIWA, individually, and alleges:

JURISDICTION AND VENUES

1. This is an action to recover money damages for unpaid half-time overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343.

3. The venue of this action is properly placed in the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful, were committed in Miami-Dade County, within the jurisdiction of this Honorable Court.

## PARTIES

4. The Plaintiff GILBERTO J. CONRADO is a resident of Dade County, Florida, within the jurisdiction of this Honorable Court. The Plaintiff was a covered employee for purposes of the Act.

5. Defendant TRUE WORLD FOODS MIAMI LLC, (hereinafter TRUE WORLD FOODS, or Defendant) is a Foreign corporation, authorized to do business in Florida, within the jurisdiction of this Honorable Court. At all times, the Defendant was and is engaged in interstate commerce within the meaning of the FLSA.

6. The individual Defendant CHIRIKA KUROIWA was and is now, the officer and manager of Defendant Corporation TRUE WORLD FOODS. Defendant CHIRIKA KUROIWA is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

7. All the actions raised in this complaint took place in Miami/Dade County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

8. Defendant TRUE WORLD FOODS is an importer, wholesaler, and distributor of fresh and frozen seafood, fresh produce, groceries, and other Japanese/Asian food specialties. Defendant TRUE WORLD FOODS, in Miami, Florida is part of a conglomerate of more than 30 True World Foods food distributors located throughout the United States of America, Europe, and Asia.

9. Defendant TRUE WORLD FOODS employed the Plaintiff GILBERTO J. CONRADO, from approximately from January 2, 2001, to July 09, 2020, or 19 years plus six months. However, for FLSA purposes, Plaintiff's relevant period of employment is 140 weeks.

(Plaintiff was placed on a temporary leave of absence on or about April 27, 2020, and he was discharged on or about July 09, 2020).

10. Plaintiff worked at Defendant's facilities located at 11205 NW, 36Th Avenue, Miami, Florida 33167.

11. Plaintiff began his long-term period of employment as a warehouse employee and delivery driver and he worked his way up with hard work and willingness to be a team player. Plaintiff learned the food handling business and he got the necessary certifications to became a Food Safety Maintenance Technician.

12. During the relevant time of employment, Plaintiff was misclassified as a "Food Safety Manager", he was paid a salary and he was not paid for overtime hours. However, Plaintiff did not meet the requirements for any overtime exemption.

13. Plaintiff was a technician, who acquired his skills by experience and through many years of apprenticeship of the business. Plaintiff performed a routine, repetitive, mental, manual, and mechanical work in nature. Plaintiff did not exercise any discretion and judgment, and he did not qualify for the learned professional exemption or any other overtime FLSA exemption.

14. Plaintiff's duties consisted of maintaining proper temperature and sanitary conditions for the storage of frozen and fresh food items. Plaintiff also performed other general cold storage/warehouse work, such as re-packing, pooling orders, counting pieces, organizing merchandise, etc.

15. Within his relevant time of employment, Plaintiff worked every month 2 weeks of 5 days and 2 weeks of 6 days. In weeks of 5 days, Plaintiff worked from Monday to Friday from 5:30 AM to 2:30 PM (9 hours daily); In weeks of six days, the Plaintiff worked the same

schedule from Monday to Friday, and on Saturdays, Plaintiff worked a minimum of 6 hours.

16. In addition to his regular hours at Defendants' facilities, Plaintiff worked at home 1 hour daily from Monday to Saturday. Plaintiff worked at home for 6 hours every week.

17. Consequently, during the relevant time of employment, the Plaintiff worked 70 weeks with a minimum of 51 working hours, and 70 weeks with a minimum of 57 working hours.

18. The hours detailed above, represented a minimum number of hours worked at the Defendants' facilities in Miami, in regular weeks.  However, during his relevant time of employment, Plaintiff traveled frequently to Tampa, Orlando, and other locations to assist TRUE WORLD FOODS with food inspections performed by state and federal health agencies. During those trips, Plaintiff worked extended hours resulting in weeks with much more overtime hours.

19. Plaintiff was paid a salary of approximately $1,251.70 weekly, regardless of the number of hours worked.  Plaintiff worked more than 40 hours weekly, but he was not paid for overtime hours.

20. At all times, during his employment with Defendants, the Plaintiff clocked in and out and the Defendants were able to track the number of hours worked by Plaintiff and other similarly situated individuals.

21. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked more than forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

22. The Plaintiff was paid bi-weekly with paystubs that did not show the number of days and hours worked.

23. On or about April 27, 2020, Plaintiff was placed on a temporary leave of absence, and on or about July 09, 2020, Plaintiff was discharged from his employment due to discriminatory reasons. Plaintiff is in the process of filing his Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC).

24. The Plaintiff does not have time and payment records, but he will offer a preliminary good faith estimate of his unpaid overtime hours based on his best recollections. For simplification purposes, The Plaintiff is not considering in his calculations approximately 1 week that was paid at a reduced wage rate. The Plaintiff will adjust his statement of claim after proper discovery.

25. Plaintiff GILBERTO J. CONRADO seeks to recover unpaid half-time overtime hours, liquidated damages, and any other relief, as allowable by law, for his entire relevant time of employment.

26. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid regular wages, or overtime hours at the rate of time and one half of their regular rate of pay for all overtime hours worked over forty.

### COUNT I:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
### FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS

27. Plaintiff GILBERTO J. CONRADO re-adopts every factual allegation as stated in paragraphs 1-26 above as if set out in full herein.

28. This cause of action is brought by Plaintiff GILBERTO J. CONRADO as a collective action to recover from the Defendant overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after August 2017, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

29. At all times pertinent to this Complaint, the Employer/Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). the Employer/Defendant operates as an importer, distribution company that sells and/or markets its services and/or goods to customers from throughout the United States. The Employer/Defendant employs more than two employees affecting interstate commerce. The Employer/Defendant uses the instrumentalities of interstate commerce and otherwise regularly engages in interstate commerce, particularly concerning its employees. Upon information and belief, the annual gross revenue of the Employer/Defendant was always, more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

30. The Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff was a food safety technician who was directly engaged in interstate commerce by handling food items coming from out of state locations. Thus, Plaintiff was a covered employee for the Act. Therefore, there is FLSA individual coverage.

31. Defendant TRUE WORLD FOODS employed the Plaintiff GILBERTO J. CONRADO, from approximately January 2, 2001, to July 09, 2020, or 19 years plus six months. However, for FLSA's purposes, Plaintiff's relevant period of employment is 140 weeks.

32. During the relevant time of employment, Plaintiff was misclassified as a "Food Safety Manager", he was paid a salary and he was not paid for overtime hours. However, Plaintiff did not meet the requirements for any overtime exemption.

33. Plaintiff was a technician, who acquired his skills by experience and through many years of apprenticeship of the business. Plaintiff performed a routine, repetitive, mental, manual, and mechanical work in nature. Plaintiff did not exercise any discretion and judgment, and he did not qualify for the learned professional exemption or any other overtime FLSA exemption.

34. Within his relevant time of employment, Plaintiff worked every month 2 weeks of 5 days and 2 weeks of 6 days. In weeks of 5 days, Plaintiff worked from Monday to Friday from 5:30 AM to 2:30 PM (9 hours daily); In weeks of six days, the Plaintiff worked the same schedule from Monday to Friday, and on Saturdays, Plaintiff worked a minimum of 6 hours.

35. In addition to his regular hours at Defendants' facilities, Plaintiff worked at home 1 hour daily from Monday to Saturday. Plaintiff worked at home for 6 hours every week.

36. Consequently, during the relevant time of employment, the Plaintiff worked 70 weeks with a minimum of 51 working hours, and 70 weeks with a minimum of 57 working hours.

37. Plaintiff was paid a salary of approximately $1,251.70 weekly, regardless of the number of hours worked. Plaintiff worked more than 40 hours weekly, but he was not paid for overtime hours.

38. At all times during his employment with the Defendants, the Plaintiff clocked in and out, and the Defendants were able to track the number of hours worked by Plaintiff and other similarly situated individuals.

39. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked more than forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

40. The Plaintiff was paid bi-weekly with paystubs that did not show the number of days and hours worked.

41. The records, if any, concerning the number of hours worked by the Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of the Defendant. However, upon information and belief, Defendant did not maintain time accurate records of hours worked by the Plaintiff and other employees.

42. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

43. The Plaintiff does not have time and payment records, but he will offer a preliminary good faith estimate of his unpaid overtime hours based on his best recollections. The Plaintiff will adjust his statement of claim after proper discovery.

    *Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

       Twenty-Four Thousand Forty-Nine Dollars and 20/100 ($24,049.20)

    b. <u>Calculation of such wages</u>:

Total time of Employment:  19.5 years
Relevant weeks of employment:  140 weeks
Salary: $1,251.70

**1.- Overtime for 70 weeks of 5 days with 51 working hours**

Relevant weeks: 70 weeks
Total number of hours worked: 51 hours weekly
Total overtime hours: 11 hours
Salary: $1,251.70: 51 hours=$24.54 reg. rate x 1.5=$36.81 O/T rate
O/T rate $36.81-$24.54 O/T rate paid=$12.27 half-time difference

$12.27 x 11 O/T hours=$134.97 weekly x 70 weeks=$9,447.90


**2.- Overtime for 70 weeks of 6 days with 57 working hours**

Relevant weeks: 70 weeks
Total number of hours worked: 57 hours weekly
Total overtime hours: 17 hours
Salary: $1,251.70: 51 hours=$24.54 reg. rate x 1.5=$36.81 O/T rate
O/T rate $36.81-$24.54 O/T rate paid=$12.27 half-time difference

$12.27 x 17 O/T hours=$208.59 weekly x 70 weeks=$14,601.30

Total #1, and #2: $24,049.20

   c. <u>Nature of wages (e.g. overtime or straight time):</u>

   This amount represents unpaid half-time overtime wages.

44. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked more than the maximum hours provided by the Act, but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

45. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement

of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

46. At the times mentioned, individual Defendant CHIRIKA KUROIWA was the manager of TRUE WORLD FOODS.  Defendant CHIRIKA KUROIWA was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of TRUE WORLD FOODS concerning its employees, including Plaintiff and others similarly situated. Defendant CHIRIKA KUROIWA had financial and operational control of the Corporation, determining terms, and working conditions of Plaintiff and other similarly situated employees, and she is jointly and severally liable for Plaintiff's damages.

47. Defendants TRUE WORLD FOODS and CHIRIKA KUROIWA willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

48. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff and those similarly situated respectfully requests that this Honorable Court:

A.  Enter judgment for Plaintiff GILBERTO J. CONRADO and other similarly situated

individuals and against the Defendants TRUE WORLD FOODS, and CHIRIKA KUROIWA, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff GILBERTO J. CONRADO actual damages in the amount shown to be due for unpaid overtime compensation for hours worked more than forty weekly, with interests; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff GILBERTO J. CONRADO demands trial by a jury of all issues triable as of right by a jury.

Dated: August 24, 2020

        Respectfully submitted,

        By: **/s/ Zandro E. Palma**
        ZANDRO E. PALMA, P.A.
        Florida Bar No.: 0024031
        9100 S. Dadeland Blvd.
        Suite 1500
        Miami, FL 33156
        Telephone: (305) 446-1500
        Facsimile: (305) 446-1502
        zep@thepalmalawgroup.com
        *Attorney for Plaintiff*